UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 14-80462-CIV-DPG

SL MONROE SR., and all others
similarly situated under 29 U.S.C. §216 (B)

  Plaintiff,

Vs.

ANGEL'S RECOVERY, LLC,

  Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

  Plaintiff and Defendant, by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

  The Amended Complaint in this matter contained two counts; one for unpaid overtime under the Fair Labor Standards Act (FLSA) and a second count for Retaliation under the FLSA. (See D.E. 11).

  In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA overtime claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the

settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

Recent case law has shifted the approval process when Plaintiff is represented by counsel and is therefore placed in an adversarial setting. In the case at hand Plaintiff was represented by counsel in an adversarial proceeding. *See, Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (*Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), followed by *Smith v. Tri-City Transmission Serv*., 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012), and adopted by Judge King of the Southern District of Florida in *Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736 (S.D. Fla. 2013).

With regards to the settlement of Count II in this matter, "Settlement of FLSA Retaliation Claims (or of non-FLSA claims, for that matter) need not be approved by the District Court." See e.g. *McQuillan v. H.W. Lochner, Inc.,* 2013 WL 6184063 *2-3 (M.D. Fla. Nov. 25, 2013.

Through review of the Defendant's payroll records a compromise has been reach on the amount of unpaid overtime due to the Plaintiff pursuant to Count I of the Complaint. It is the Defendant's contention that in light of the issues stated above, Plaintiff is being fully compensated for all wages owed. The courts have held that when a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved and judicial approval is not required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). The settlement is for a total of $13,500.00, representing $845.00 in unpaid overtime pursuant to Count I, $8,155.00 representing damages for the Retaliation Claim under Count II, $535.00 in costs, and $3,965.00 in attorney's fees.

It is the Parties' contention that in light of the issue in dispute, the amount received by Plaintiff is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff would have received far less, if anything, and therefore he is receiving far more pursuant to the settlement agreement. A copy of the Parties' settlement agreement has been transmitted to the Court for review.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against all Defendants with the Court to retain jurisdiction to enforce the terms of the settlement agreement.

DATED this 5th day of November 2014.

Respectfully submitted,

David Markel, Esq.
The Markel Law Firm
Attorney for Plaintiffs
777 Brickell Ave. Suite 500
Miami, FL 33131
Telephone:   (305) 458-1282
Facsimile:    1-800-507-1718

By:  /s/David Markel_____
     David Markel, Esq.
     Florida Bar No. 78306

J. BEAUREGARD PARKER, P.A.
Attorneys for Defendants
1900 N.W. Corporate Boulevard
Suite 301 - West Building
Boca Raton, FL 33431
561-997-0204 - Telephone
561-997-1194 - Facsimile
Email: Beau@JBParkerlaw.com

By:_/s/ J. Beauregard Parker_____
J. Beauregard Parker, Esquire
Florida Bar No.  018683